IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH WAYNE STUDER,

        Plaintiff,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

No. 2:16-cv-02353-AC

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation on January 30, 2018, in which he recommends that this Court affirm the Commissioner's decision denying Plaintiff's application for Social Security Disability Insurance Benefits ("DIB"). F&R 9, ECF 20. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. Pl.'s Obj., ECF 22. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

On appeal, the only issue in this case was whether the ALJ properly discounted the Plaintiff's 100% Department of Veterans Affairs ("VA") disability rating. F&R 6. Plaintiff contends that the Magistrate Judge erred in concluding that the ALJ's decision to assign Plaintiff's VA disability rating little weight was legally sufficient. Specifically, Plaintiff objects to the Magistrate Judge's findings that the ALJ properly discredited the VA disability decision because (1) the ALJ had evidence that was unavailable to the VA at the time it rendered its decision and (2) the ALJ independently weighed the medical evidence. Pl.'s Obj. 1–3. The Court has carefully considered Plaintiff's objections and declines to adopt Judge Acosta's Findings and Recommendation.

"[A]n ALJ must ordinarily give great weight to a VA determination of disability" because there is a "marked similarity between these two federal disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); *accord McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). "Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076. For example, the ALJ can reject a VA disability determination because the ALJ has evidence that was unavailable to the VA. *See Valentine v. Comm'r Soc Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (affirming the ALJ's determination where the ALJ "had evidence the VA did not, which undermined the evidence the VA did have"). The ALJ may also reject the VA's determination where he interprets the evidence differently. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (2010) (affirming the ALJ's decision to give the plaintiff's VA disability determination

little weight where the ALJ disagreed with the VA's determination by citing to records indicating the plaintiff's impairments were stable and well controlled).

In this case, the ALJ gave "little weight to the VA disability determination" because he "independently weighed the evidence, including evidence from VA doctors[,] and came to a different conclusion." Tr. 30. In support of the ALJ's decision, the Commissioner first contends that the ALJ had evidence, including evaluations from state agency physicians, that was unavailable to the VA. Def.'s Br. 3, ECF 17. The ALJ, however, did not make this argument in discounting Plaintiff's VA disability determination, and the Court cannot affirm the ALJ's decision on grounds not cited by the ALJ. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking"); *see also Curbow v. Colvin*, No. CV-14-8222-PCT-ESW, 2016 WL 386221, at *4 (D. Ariz. Feb. 2, 2016) (finding that the Commissioner's argument "that the ALJ rejected the disability rating based on new evidence invites the Court to engage in impermissible speculation as to the ALJ's reasoning").

Second, while the Commissioner is correct that the "ALJ may disagree with the VA about the disabling effects of particular impairments based on a differing interpretation of medical record," Def.'s Br. 3, the ALJ's reasoning in this regard is insufficiently specific for the Court to affirm on these grounds. The ALJ does not cite any evidence from the record in support of his contention, and the ALJ does not provide any indication as to how his assessment of the evidence differed from that of the VA. *Cf. Berry,* 622 F.3d at 1236 (where the ALJ specifically cited conflicting evidence regarding the disabling effects of the plaintiff's sleep apnea and back

pain, it was not error to discount Plaintiff's VA determination regarding these impairments). And, though the ALJ *summarized* the medical evidence elsewhere in his opinion, as Plaintiff notes the ALJ never *weighed* the evidence relied on by the VA, including Plaintiff's Compensation & Pension exam. Pl.'s Obj. 3. Without more, the Court cannot "meaningfully determine whether the ALJ's [conclusion was] supported by substantial evidence." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (holding the ALJ committed harmful error where she failed to indicate which testimony she found not credible and which evidence contradicted her testimony.). As the ALJ's reasoning is not sufficiently specific, valid and persuasive, the ALJ erred in discounting the disability rating of the VA.

Because the Court cannot find that no reasonable ALJ, when giving Plaintiff's 100% VA disability rating proper weight, would come to a different determination regarding the ultimate issue of disability, this error is not harmless. *Stout*, 454 F.3d at 1054–56. The Court, therefore, must determine whether it should remand for additional proceedings or for additional benefits. This decision is within the Court's discretion and turns on the utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1137–38 (9th Cir. 2011). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, the proper course is to remand this case for further administrative proceedings. While a VA disability rating ordinarily is entitled to great weight, it "does not necessarily compel the SSA to reach an identical result." *See Hiler v. Astrue*, 687 F.3d 1208, 1211–12 (9th Cir.

2012). As the Commissioner notes, the VA disability rating conflicts with other evidence in the record. For example, the VA decision finding Plaintiff 100% disabled was rendered during a period where Plaintiff was working full time, *compare* tr. 239 *with* tr. 496, and conflicts with the opinions of state agency physicians, who disagreed with the VA regarding the disabling effects of Plaintiff's impairments, tr. 28–29; *see also* Def.'s Br. 5. Accordingly, as there are additional conflicts and ambiguities for the ALJ to resolve, the Court reverses and remands this case for further proceedings. *See Treichler*, 775 F.3d at 1091 ("Administrative proceedings are generally useful where the record not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of evidence . . . may well prove enlightening in light of the passage of time." (internal citations and quotations omitted)).

## CONCLUSION

The Court declines to adopt Magistrate Judge Acosta's Findings and Recommendation [20]. Accordingly, the decision of the Commissioner is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this \_\_\_\_11\_\_\_\_ day of ~~April~~ May, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge